[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After reviewing the report of the attorney trial referee, Attorney L.G. Schwartz, as amplified by the rulings on the motion to correct filed by the plaintiff, the matter is remanded to the attorney trial referee with a request that a supplemental memorandum be issued clarifying certain matters.
The binder in question makes reference to "Septic S.E. of garage", whereas the contract states that the septic system shall be in working order without referring to CT Page 172 location. The original decision did not address the location of the septic system, but paragraph 7 of the supplemental report indicates that on the basis of testimony the referee concluded that the system was not on the neighbor's property as alleged. Is this conclusion based on the existence of a "clean-cut" on the premises in question? Is the listing relevant in the light of the contract? If in fact the system is at least in part on the neighbor's property rather than "south east of the garage", that significance does this have in terms of the overall recommendation?
Is the conclusion that the phrase "septic system" in both the listing and the contract includes a cesspool based solely on the testimony of the witnesses, or are there any reported decisions or laws, regulations or ordinances or any other authority to that effect? What is the significance of the cesspool being legally "nonconforming"? Does this imply that it could have remained on the premises forever, in effect?
What is the significance of paragraph 5 in the contract indicating that the premises were being sold subject to any state of facts disclosed by a survey or personal inspection "provided same does not render the premises unmarketable"? Did the rescinding by Mr. Ives of his offer to purchase after the discovery that the premises were serviced by a cesspool system constitute unmarketable title?
If the attorney trial referee wishes further briefing by the parties with respect to any of these issues, he should so notify the parties.
Dated at Stamford, Connecticut this 2nd day of January, 1991.
WILLIAM B. LEWIS, JUDGE